Kathleen B. Campbell, Esq.
Michael Dillon, Esq.
Danielle N. Bagwell, Esq.
MANKO, GOLD, KATCHER & FOX, LLP
Three Bala Plaza East, Suite 700
Bala Cynwyd, PA  19004
(484) 430-5700; Fax: (484) 430-5711
KCampbell@mankogold.com
MDillon@mankogold.com
DBagwell@mankogold.com

*Counsel for Defendant EMR Advanced Recycling, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SANDRA WILES, CELESTINE WALLACE, *and* DEANDRA SMITH, *on behalf of themselves and all others similarly situated*, | : : : : : | CIVIL ACTION NO. 1:26-cv-9129 |
| Plaintiffs, | : : | |
| v. | : : | |
| EMR ADVANCED RECYCLING, LLC, | : : | **ANSWER TO COMPLAINT** |
| Defendant. | : : : | |

**EMR ADVANCED RECYCLING, LLC'S ANSWER TO
PLAINTIFFS' CLASS ACTION COMPLAINT AND JURY DEMAND
<u>WITH AFFIRMATIVE DEFENSES</u>**

EMR Advanced Recycling, LLC ("EMR" or "Answering Defendant") hereby answers the Class Action Complaint and Jury Demand filed by Plaintiffs on June 17, 2026 in the Superior Court of New Jersey and timely removed to this Court on July 22, 2026. *See* ECF No. 1-2, Exhibit B ("Complaint"). Plaintiffs' section headings are included for organizational clarity, and EMR does not admit any assertions contained in those section headings.

4161966_2

**INTRODUCTION**

1.     Admitted in part and denied in part.  Answering Defendant admits that Sandra Wiles and Deandra Smith are named Plaintiffs and that they purport to bring this action on behalf of themselves and a putative class of others allegedly similarly situated.  Answering Defendant admits that it operates the scrap metal recycling facility located at 1400 South Front Street, Camden, New Jersey, at which a hammermill shredder is used.  Answering Defendant denies that it operates or maintains the scrap metal recycling facility located at 1500 South 6th Street, Camden, New Jersey.

2.     Denied.  Answering Defendant specifically denies that its scrap metal recycling operations generate "Emissions," as defined in this paragraph, or that such alleged Emissions entered Plaintiffs' properties or the properties of any putative class members.  Answering Defendant further specifically denies that its operations caused the property damage alleged in this paragraph.  The remaining allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**PARTIES**

3.     Answering Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Sandra Wiles, and therefore denies the same.

4.     Answering Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Celestine Wallace, and therefore denies the same.

5.     Answering Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Deandra Smith, and therefore denies the same.

2

6.      Admitted in part and denied in part.  Answering Defendant admits that it operates the scrap metal recycling facility located at 1400 South Front Street, Camden, New Jersey, at which a hammermill shredder is used.  Answering Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7.      Admitted in part and denied in part.  Answering Defendant admits that it is a limited liability company formed under the laws of Delaware, is registered to do business in New Jersey, and operates the scrap metal recycling facility located at 1400 South Front Street, Camden, New Jersey.  Answering Defendant specifically denies that its principal place of business is located at 201 North Front Street, Camden, New Jersey, and specifically denies that it is a citizen of New Jersey.  By way of further response, Answering Defendant states that, for purposes of diversity jurisdiction, it is a citizen of Delaware and Louisiana.  *See* ECF No. 1, Notice of Removal, at ¶¶ 28-38.  Answering Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8.      Admitted in part and denied in part.  Answering Defendant admits that its sole member is EMR Eastern LLC; that EMR Eastern LLC's sole member is EMR Financing LLC; that EMR Financing LLC's sole member is EMR USA (Holdings) Inc.; and that EMR USA (Holdings) Inc. is incorporated in Delaware and has a principal place of business in Metairie, Louisiana. Answering Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9.      Admitted in part and denied in part.  Answering Defendant admits that it operates the scrap metal recycling facility located at 1400 South Front Street, Camden, New Jersey, at which a hammermill shredder is used.  Answering Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

4161966_2

## JURISDICTION AND VENUE

10.     Denied.  The allegations in this paragraph concern the jurisdiction of the New Jersey Superior Court and state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  By way of further response, Answering Defendant states that this action was timely removed to the United States District Court for the District of New Jersey on July 22, 2026 (ECF No. 1).

11.     Admitted in part and denied in part.  Answering Defendant admits that it operates the scrap metal recycling facility located at 1400 South Front Street, Camden, New Jersey, and that it is registered to do business in New Jersey.  The remaining allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the remaining allegations in this paragraph are denied.

12.     Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

13.     Admitted in part and denied in part.  Answering Defendant admits that venue is proper in this District.  Answering Defendant denies that Plaintiffs or any putative class members have suffered property damage or harm attributable to Answering Defendant.  Answering Defendant denies the remaining allegations in Paragraph 13.

## FACTUAL ALLEGATIONS

14.     Admitted in part and denied in part.  Answering Defendant admits that it operates the scrap metal recycling facility located at 1400 South Front Street, Camden, New Jersey. Answering Defendant denies the remaining allegations in Paragraph 14.

4161966_2

15.     Admitted in part and denied in part.  Answering Defendant admits that the facilities located at 1400 South Front Street and 1500 South 6th Street receive certain ferrous and non-ferrous metal, complete vehicles, automobile batteries, appliances, and aluminum, subject to restrictions on the types and condition of materials accepted.  Answering Defendant denies the remaining allegations in Paragraph 15, including any allegation or implication that it accepts lithium-ion batteries.

16.     Admitted in part and denied in part.  Answering Defendant admits that the facility at 1400 South Front Street utilizes a hammermill shredder to process scrap metal.  Answering Defendant denies the remaining allegations in Paragraph 16.

17.     Admitted in part and denied in part.  Answering Defendant admits that Paragraph 17 generally describes processes used in the scrap metal recycling industry.  Answering Defendant denies any remaining allegations in Paragraph 17.

18.     Denied.

19.     Admitted in part and denied in part.  Answering Defendant admits that the presence of certain prohibited materials in scrap metal may create a risk of fire or deflagration during scrap metal processing.  Answering Defendant denies the remaining allegations in Paragraph 19.

20.     Denied.

21.     Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same.

22.     Denied.

23.     Denied.

24.     Denied.

4161966_2

25. Denied. The allegations in Paragraph 25, including the allegations regarding "proper[]" and "adequate[]" design, operations, and maintenance, state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

26. Denied. The allegations in Paragraph 26, including the allegations regarding "proper[]" and "adequate[]" design, operations, and maintenance, state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

27. Denied.

28. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

29. Denied. Answering Defendant specifically denies that it failed to install, maintain, operate, develop, or implement adequate mitigation strategies, processes, technology, or equipment, or that its scrap metal recycling operations caused emissions to enter the homes or properties of Plaintiffs or the putative class members. To the extent the allegations concerning the adequacy of Answering Defendant's measures state conclusions of law, no response is required. To the extent a response is required, the allegations are denied.

30. Denied. Answering Defendant denies that it failed to implement adequate measures to control emissions from its operations or that its operations caused emissions to enter the homes or properties of Plaintiffs or any putative class members.

a—k. Denied.

31. Denied.

32. Denied.

33. Denied.

6

34.   Admitted in part and denied in part.  Answering Defendant admits that a fire occurred on January 29, 2021, at 1229 South Front Street, Camden, New Jersey, also identified as Front Street and Kaighn Avenue, and that the fire produced smoke.  Answering Defendant denies that numerous households within the putative Class Area were forced to evacuate their homes because of the fire.  Answering Defendant admits that local media reported that the Sacred Heart School dismissed students on January 29, 2021, but lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations concerning Sacred Heart School and therefore denies the same.  Answering Defendant denies the remaining allegations in Paragraph 34.

35.   Denied.  Answering Defendant is aware of an NJDEP incident report reflecting that a caller reported an alleged fire or "flare up" involving "automotive fluff" or "automotive shredder residue" on February 27, 2021.  Answering Defendant denies that the report establishes the facts alleged in Paragraph 35 and denies the remaining allegations of Paragraph 35.

36.   Admitted in part and denied in part.  Answering Defendant admits that a fire occurred on February 28, 2022, at the facility located at 1500 South 6th Street, Camden, New Jersey, and that the fire produced smoke.  Answering Defendant denies the remaining allegations in Paragraph 36.  Answering Defendant lacks knowledge or information sufficient to form a belief as to the authenticity of the photograph appearing under Paragraph 36, and therefore denies the same.

37.   Admitted.

38.   Admitted in part and denied in part.  Answering Defendant admits that a fire occurred on July 22, 2022, at the facility located at 1500 South 6th Street, Camden, New Jersey.  Answering Defendant further admits that an NJDEP incident report concerning the fire states that

7

it "[m]ay have been a lithium battery that was on fire."  Answering Defendant denies the remaining allegations in Paragraph 38.

39.     Admitted in part and denied in part.  Answering Defendant admits that a fire occurred on October 18, 2022, at the facility located at 1229 South Front Street, Camden, New Jersey, also identified as Front Street and Kaighn Avenue.  Answering Defendant also admits that hotel accommodations were offered to certain residents.  Answering Defendant denies the remaining allegations in Paragraph 39.

40.     Admitted in part and denied in part.  Answering Defendant admits that a fire occurred on July 29, 2024, at the facility located at 1500 South 6th Street, Camden, New Jersey. Answering Defendant further admits that Michael Gross, General Counsel, EMR USA, made the statement quoted in Paragraph 40.  Answering Defendant denies the remaining allegations in Paragraph 40.

41.     Admitted in part and denied in part.  Answering Defendant admits that a fire occurred on February 21, 2025, at the facility located at 1400 South Front Street, Camden, New Jersey, and that the fire produced smoke.  Answering Defendant further admits that the Camden Fire Department responded to the fire and that fire suppression efforts continued into February 22, 2025.  Answering Defendant denies the remaining allegations in Paragraph 41.  Answering Defendant lacks knowledge or information sufficient to form a belief as to the authenticity of the photograph appearing under Paragraph 41 of the Complaint, and therefore denies the same.

42.     Denied.  Answering Defendant specifically denies that more than 100 families were "dislodged and forced to evacuate the area" as a result of the February 21, 2025 fire.  By way of further response, the Camden County Commissioners issued a voluntary shelter-in-place order, and Answering Defendant offered hotel accommodations to certain residents.

8

4161966_2

43.    Admitted in part and denied in part.  Answering Defendant admits that the Camden County Commissioners issued a voluntary shelter-in-place order that was lifted on February 22, 2025, at approximately noon.  Answering Defendant further admits the Commissioners issued a public statement concerning the fire containing the language referenced and/or quoted in Paragraph 43.  Answering Defendant denies the remaining allegations in Paragraph 43.

44.    Answering Defendant admits that it entered into a Memorandum of Understanding with the City of Camden on August 15, 2025.

45.    Answering Defendant admits that it entered into a Memorandum of Understanding with the City of Camden on August 15, 2025.  That Memorandum of Understanding is a writing and speaks for itself as to its terms.  Answering Defendant denies any allegation in this paragraph that is inconsistent with or mischaracterizes those terms.

46.    Admitted.

47.    Admitted in part and denied in part.  Answering Defendant admits that a fire occurred on August 12, 2025, at the facility located at 1400 South Front Street, Camden, New Jersey.  Answering Defendant denies the remaining allegations in Paragraph 47.

48.    Admitted in part and denied in part.  Answering Defendant admits that a fire occurred on October 17, 2025, at the facility located at 1500 South 6th Street, Camden, New Jersey.  Answering Defendant denies the remaining allegations in Paragraph 48.

49.    Admitted in part and denied in part.  Answering Defendant admits that a fire occurred on February 26, 2026, at the facility located at 1400 South Front Street, Camden, New Jersey, and that certain individuals who approached the area of the fire were advised to move away from the area.  Answering Defendant denies the remaining allegations in Paragraph 49.  Answering

9

Defendant lacks knowledge or information sufficient to form a belief as to the authenticity of the photograph appearing under Paragraph 49, and therefore denies the same.

50. Admitted in part and denied in part. Answering Defendant admits that a fire occurred on May 29, 2026, at the facility located at 1400 South Front Street, Camden, New Jersey, and that the fire produced smoke. Answering Defendant further admits that City officials advised certain residents to remain indoors during the fire and others to avoid the area. Answering Defendant further admits that it voluntarily paused operations pending investigation into the cause of the fire. Answering Defendant denies that there had been "more than a dozen prior fires" and denies the remaining allegations in Paragraph 50.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that numerous households have contacted Plaintiffs' counsel and therefore denies the same. Answering Defendant denies that its scrap metal recycling operations caused the "Emissions" alleged in Paragraph 57.

58. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements attributed to Plaintiffs and putative class members in Paragraph 58 and therefore denies the same. Answering Defendant further denies that any of the statements attributed to Plaintiffs and putative class members demonstrate that Answering Defendant's scrap

4161966_2

metal recycling operations are the source or cause of any alleged emissions, odors, soot, or other conditions, or that Answering Defendant's operations caused any injury or property damage alleged in Paragraph 58.

59. Denied. To the extent that the allegations of this paragraph refer to the governmental actions or proceedings referenced in Paragraphs 60 through 67 of the Complaint, Answering Defendant incorporates its responses to those paragraphs.

60. Denied as stated. Answering Defendant admits that on July 20, 2020, NJDEP issued a Notice of Violation for the facility located at Kaighn Avenue. That Notice of Violation is a writing that speaks for itself as to its contents. Answering Defendant denies the remaining allegations in Paragraph 60.

61. Denied as stated. Answering Defendant admits that on December 7, 2020, the Camden County Department of Public Safety issued a Settlement Agreement relating to a site inspection conducted on November 10, 2020. That Settlement Agreement is a writing that speaks for itself as to its terms. Answering Defendant denies the remaining allegations in Paragraph 61.

62. Denied as stated. Answering Defendant admits that on December 8, 9, and 15, 2020, the Camden County Department of Public Safety issued Notices of Penalty Assessment, which are writings that speak for themselves as to their contents. Answering Defendant denies the remaining allegations in Paragraph 62.

63. Denied as stated. Answering Defendant admits that on January 13, 2021, the Camden County Department of Public Safety issued an Offer of Settlement relating to alleged violations stemming from site inspections conducted on December 8, 9, and 15, 2020. The Offer of Settlement is a writing that speaks for itself as to its contents. Answering Defendant denies the remaining allegations in Paragraph 63.

4161966_2

64.     Denied as stated.  Answering Defendant admits that on March 12, 2021, the Camden County Department of Public Safety served a Notice of Penalty Assessment relating to alleged noncompliance at the facility at Kaighn Avenue.  That Notice of Penalty Assessment is a writing that speaks for itself as to its contents.  Answering Defendant denies the remaining allegations in Paragraph 64.

65.     Admitted in part and denied in part.  Answering Defendant admits that on June 25, 2021, the Camden County Department of Public Safety issued a Notice of Violation, which is a writing that speaks for itself as to its contents.  Answering Defendant denies the remaining allegations in Paragraph 65.

66.     Admitted in part and denied in part.  Answering Defendant admits that on March 12, 2021, the Camden County Department of Public Safety served a Notice of Penalty Assessment in the amount of $85,750.00 for alleged instances of noncompliance at the facility at Kaighn Avenue.  Answering Defendant further admits that on August 23, 2023, it entered into a Settlement Agreement with NJDEP pursuant to which it paid a penalty in the amount of $7,600.00.  That Settlement Agreement is a writing that speaks for itself as to its terms, including the effect of the Settlement Agreement and payment on any admission of liability.  Answering Defendant denies the remaining allegations in Paragraph 66.

67.     Admitted in part and denied in part.  Answering Defendant admits that on January 12, 2026, the Attorney General of the State of New Jersey and NJDEP filed a complaint in the Superior Court of New Jersey, Chancery Division, Camden County, alleging one count of public nuisance against Answering Defendant and other parties.  The complaint in that matter is a writing that speaks for itself as to the allegations asserted therein.  Answering Defendant denies the remaining allegations in Paragraph 67.

4161966_2

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the residence of Plaintiffs and putative class members, and therefore denies the same.  Answering Defendant denies the remaining allegations in Paragraph 73.

74.     Admitted in part and denied in part.  Answering Defendant admits that the proposed Class Area includes residential properties, schools, places of worship, commercial establishments, and other community uses.  Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning the composition of the proposed Class Area and therefore denies the same.

75.     Denied.  Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the experiences of unidentified members of the public and therefore denies the same.  Answering Defendant denies that its operations caused the alleged odors or other conditions described in Paragraph 75.

76.     Denied.

## CLASS ALLEGATIONS
### Class Definition

77.     Answering Defendant admits that Plaintiffs purport to bring this action individually and on behalf of the proposed class defined in Paragraph 77.  The remaining allegations in this

13

4161966_2

paragraph state conclusions of law to which no response is required.  To the extent a response is required, the remaining allegations are denied.

78.     Answering Defendant admits that Plaintiffs purport to seek certification of the "Evacuation Subclass" defined in Paragraph 78.  Answering Defendant specifically denies that residents were forced to evacuate their homes in response to the fires described in the Complaint.  The remaining allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the remaining allegations are denied.

79.     Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

    a.    Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the number of members of the proposed class and therefore denies the same.  The allegation that joinder of all members is impracticable states a conclusion of law to which no response is required.  To the extent a response is required, the allegation is denied.

    b.    Denied.  The allegations in this subparagraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this subparagraph are denied.

    c.    Denied.  The allegations in this subparagraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this subparagraph are denied.

4161966_2

d.     Denied. The allegations in this subparagraph state conclusions of law to which no response is required. To the extent a response is required, the allegations in this subparagraph are denied.

e.     Denied. The allegations in this subparagraph state conclusions of law to which no response is required. To the extent a response is required, the allegations in this subparagraph are denied.

f.     Denied. The allegations in this subparagraph state conclusions of law to which no response is required. To the extent a response is required, the allegations in this subparagraph are denied.

g.     Denied. The allegations in this subparagraph state conclusions of law to which no response is required. To the extent a response is required, the allegations in this subparagraph are denied.

## Numerosity

80.    Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the number of residential households within the proposed Class Area and therefore denies the same. The remaining allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is required, the remaining allegations are denied. Answering Defendant specifically denies that the proposed class satisfies the numerosity requirement.

## Commonality

81.    Denied. The allegations in this paragraph, including subparagraphs (a) through (h), state conclusions of law or identify issues that Plaintiffs contend are common to the proposed class, to which no response is required. To the extent a response is required, the allegations are denied.

15

Answering Defendant specifically denies that the proposed class satisfies the commonality or predominance requirements.

### Typicality

82.     Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  Answering Defendant specifically denies that Plaintiffs' claims are typical of the claims of the proposed class.

83.     Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  Answering Defendant specifically denies that Plaintiffs' and the proposed class members' claims have a common cause or involve damages of the same type, or that their claims arise from any failure by Answering Defendant to properly repair, maintain and operate its facility.

84.     Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  Answering Defendant specifically denies that Plaintiffs or the proposed class members have suffered similar injuries as a result of emissions attributable to Answering Defendant or that any such emissions entered or damaged their properties.

### Adequacy of Representation

85.     Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

86.     Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  Answering Defendant specifically denies that Plaintiffs satisfy the adequacy requirement.

4161966_2

87.     Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' residences or ownership or rental of property within the proposed Class Area and therefore denies the same.  Answering Defendant denies that any emissions attributable to Answering Defendant have entered the property of Plaintiffs or any other individuals.  The remaining allegations in Paragraph 87 are denied.

88.     Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the experience of Plaintiffs' counsel and therefore denies same.

89.     The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**Superiority**

90.     Denied.  The allegations in this paragraph, including subparagraphs (a) through (d), state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  Answering Defendant specifically denies that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

91.     Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

92.     Answering Defendant lacks knowledge or information sufficient to form a belief as to whether notice could be provided to all members of the proposed class by U.S. mail or publication and therefore denies the same.

## <u>CAUSE OF ACTION ONE – PRIVATE NUISANCE</u>

93.     Answering Defendant repeats and incorporates its answers to each and every allegation in Paragraphs 1 through 92 above as though fully set forth at length herein.

17

4161966_2

94.     Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

95.     Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  Answering Defendant specifically denies that emissions from its scrap metal recycling operations entered Plaintiffs' or putative class members' properties or caused the alleged unreasonable interference.  Answering Defendant further specifically denies that those operations were "improperly and unreasonably maintained and/or operated."

96.     Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Plaintiffs' and putative class members' residences and therefore denies the same.

97.     Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

98.     Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

99.     Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

a.     Denied.  Answering Defendant specifically denies that its scrap metal operations have any causal relation to the allegations in this subparagraph.

18

b. Denied. Answering Defendant specifically denies that its scrap metal operations have any causal relation to the allegations in this subparagraph.

c. Denied. Answering Defendant specifically denies that its scrap metal operations have any causal relation to the allegations in this subparagraph.

d. Denied. Answering Defendant specifically denies that its scrap metal operations have any causal relation to the allegations in this subparagraph.

e. Denied. Answering Defendant specifically denies that its scrap metal operations have any causal relation to the allegations in this subparagraph.

100. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

101. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

102. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

103. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

104. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

4161966_2

105.    Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  Answering Defendant specifically denies that Plaintiffs or the putative class members have suffered harm attributable to Answering Defendant.

106.    Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  Answering Defendant specifically denies that emissions from its scrap metal recycling operations entered Plaintiffs' or putative class members' properties.

107.    Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  Answering Defendant specifically denies that Plaintiffs or the putative class members have suffered harm attributable to Answering Defendant.

108.    Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  Answering Defendant specifically denies that Plaintiffs or the putative class members have suffered harm attributable to Answering Defendant.

## CAUSE OF ACTION TWO – PUBLIC NUISANCE

109.    Answering Defendant repeats and incorporates its answers to each and every allegation in Paragraphs 1 through 108 above as though fully set forth at length herein.

110.    Answering Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding the Plaintiffs' and putative class members' residences. By way of further response, the allegations in this paragraph state conclusions of law to which no

4161966_2

response is required.  To the extent a response is required, the allegations in this paragraph are denied.

111.   Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the ownership, occupancy, rental, or residence of Plaintiffs and putative class members and therefore denies the same.

112.   Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  Answering Defendant specifically denies that emissions from its scrap metal recycling operations entered the property of Plaintiffs or putative class members.

113.   Admitted in part and denied in part.  Answering Defendant admits that the proposed Class Area includes residential properties, schools, places of worship, commercial establishments, and other community uses.  Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning the composition of the proposed Class Area and therefore denies the same.

114.   Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

115.   Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

a.   Denied.  Answering Defendant specifically denies that its scrap metal operations have any causal relation to the allegations in this subparagraph.

21

b.      Denied.   Answering Defendant specifically denies that its scrap metal operations have any causal relation to the allegations in this subparagraph.

c.      Denied.   Answering Defendant specifically denies that its scrap metal operations have any causal relation to the allegations in this subparagraph.

d.      Denied.   Answering Defendant specifically denies that its scrap metal operations have any causal relation to the allegations in this subparagraph.

e.      Denied.   Answering Defendant specifically denies that its scrap metal operations have any causal relation to the allegations in this subparagraph.

116.    Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  Answering Defendant specifically denies that Plaintiffs or the putative class members have suffered harm attributable to Answering Defendant.

117.    Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  Answering Defendant specifically denies that Plaintiffs or the putative class members have suffered harm attributable to Answering Defendant.  Answering Defendant also specifically denies that its operations have "interfered with rights common to the general public, including the right to breathe clean air."

118.    Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  Answering Defendant specifically denies that Plaintiffs, the putative class members, the general public, or any other individuals have suffered harm attributable to Answering Defendant.

4161966_2

119.    Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  Answering Defendant specifically denies that Plaintiffs, the putative class members, the general public, or any other individuals have suffered harm attributable to Answering Defendant.

120.    Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  Answering Defendant specifically denies that Plaintiffs, the putative class members, the general public, or any other individuals have suffered harm attributable to Answering Defendant.

121.    Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  Answering Defendant specifically denies that Plaintiffs, the putative class members, the general public, or any other individuals have suffered harm attributable to Answering Defendant.

122.    Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  Answering Defendant specifically denies that emissions from its scrap metal recycling operations entered the property of Plaintiffs or any other individual.

123.    Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  Answering Defendant specifically denies that Plaintiffs or the putative class members have suffered harm attributable to Answering Defendant.

124.    Denied.  The allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

4161966_2

## CAUSE OF ACTION THREE – NEGLIGENCE

125. Answering Defendant repeats and incorporates its answers to each and every allegation in Paragraphs 1 through 124 above as though fully set forth at length herein.

126. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

127. Denied.

128. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied. Answering Defendant further specifically denies that it "negligently and improperly" maintained and operated its scrap metal recycling operations or "failed to properly maintain and operate" its scrap metal recycling operations.

129. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied. Answering Defendant specifically denies Plaintiffs' characterization of the actions of government agencies that are more specifically addressed in Answering Defendant's responses to paragraphs 60 to 67 of this Complaint.

     a. Denied. Answering Defendant specifically denies that it operated or maintained inadequate systems for processing scrap metal.

     b. Denied. Answering Defendant specifically denies that its scrap metal recycling operations inadequately capture, control, or mitigate odors or particulate emissions.

4161966_2

c.    Denied.    Answering Defendant specifically denies that it failed to adequately treat or filter exhaust as alleged.

d.    Denied.  Answering Defendant specifically denies that it failed to develop or implement an adequate particulate prevention plan.

e.    Denied.  Answering Defendant specifically denies that it failed to utilize adequate odor or particulate prevention, elimination, or mitigation measures or technology.

f.    Denied.  Answering Defendant specifically denies that it improperly stored or stockpiled materials or that its storage or stockpiling caused the alleged release of odors or particulate emissions.

g.    Denied.    Answering Defendant specifically denies that it failed to adequately enclose stored materials or that any such failure caused the alleged release of emissions.

h.    Denied.    Answering Defendant specifically denies that it failed to adequately screen, remove, collect, or dispose of non-metal materials as alleged.

i.    Denied.    Answering Defendant specifically denies that it failed to adequately implement, maintain, or operate a fire suppression system.

j.    Denied.    Answering Defendant specifically denies that it failed to adequately address batteries or other potentially flammable substances as alleged.

k.    Denied.

25

4161966_2

130.   Denied.  Answering Defendant specifically denies that its scrap metal recycling operations caused emissions to enter Plaintiffs' or putative class members' properties or caused the alleged damages.

131.   Denied.  Answering Defendant specifically denies that its scrap metal recycling operations caused emissions to enter Plaintiffs' or putative class members' properties or caused the alleged damages.

132.   Denied.  Answering Defendant specifically denies that Plaintiffs or putative class members suffered damages attributable to Answering Defendant.

133.   Denied.  Answering Defendant specifically denies that Plaintiffs or putative class members suffered damages attributable to Answering Defendant.

134.   Denied.  By way of further response, the allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

## CAUSE OF ACTION FOUR – TRESPASS

135.   Answering Defendant repeats and incorporates its answers to each and every allegation in Paragraphs 1 through 134 above as though fully set forth at length herein.

136.   Denied.  By way of further response, the allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

137.   Denied.  By way of further response, the allegations in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

4161966_2

138. Denied. Answering Defendant specifically denies that emissions from its scrap metal recycling operations entered Plaintiffs' or putative class members' properties. By way of further response, the allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

139. Denied. Answering Defendant specifically denies that emissions from its scrap metal recycling operations entered Plaintiffs' property or interfered with Plaintiffs' possession, use, or enjoyment of their property. By way of further response, the allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

140. Denied. Answering Defendant specifically denies that emissions from its scrap metal recycling operations entered Plaintiffs' property.

141. Denied. By way of further response, the allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## PRAYER FOR RELIEF

Plaintiffs' Prayer for Relief contains demands for relief and conclusions of law to which no response is required. To the extent a response is required, Answering Defendant denies that Plaintiffs or the putative class are entitled to any of the relief requested.

## JURY DEMAND

Plaintiffs' Jury Demand contains a demand for trial by jury to which no response is required.

4161966_2

## AFFIRMATIVE DEFENSES

By way of further answer and defense, Answering Defendant pleads the following affirmative defenses:

1. All or a portion of Plaintiffs' claims are barred because they fail to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, statutes of repose, and/or other bars based upon the untimeliness of Plaintiffs' claims.

3. Plaintiffs' claims are barred in whole or in part because Answering Defendant at all times acted in good faith to comply with all applicable laws with reasonable grounds to believe that its actions did not breach any relevant duty.

4. Assuming any Plaintiff suffered any form of injury or damages, which is denied, such injury, damage, or other harm was caused by intervening acts, omissions, or superseding negligence of other persons or entities over whom Answering Defendant exercised no control and for whose conduct Answering Defendant is not liable.

5. Any damages or injuries alleged by Plaintiffs, if proven, are subject to allocation and/or apportionment to the extent caused or contributed to by other persons, entities, facilities, sources, or conditions for which Answering Defendant is not responsible.

6. The damages or injuries alleged, if incurred, were not and could not have been foreseeable by Answering Defendant.

7. Plaintiffs' claims are barred in whole or in part because Answering Defendant is not the cause in fact or but for cause of Plaintiffs' alleged injuries.

8. Plaintiffs' claims are barred in whole or in part because Answering Defendant did not proximately cause Plaintiffs' alleged injuries or any other injury or harm.

4161966_2

9. Plaintiffs' alleged injuries are too remote and attenuated from any alleged conduct by Answering Defendant to be proximately caused by such conduct.

10. Plaintiffs' claims are barred in whole or in part because Answering Defendant exercised reasonable care under the circumstances.

11. Plaintiffs' claims are barred in whole or in part because at all relevant times Answering Defendant applied existing state of the art.

12. Plaintiffs' claims are barred or limited in whole or in part to the extent Answering Defendant complied with applicable laws, regulations, permits, and standards governing its scrap metal recycling operations.

13. Plaintiffs' claims are barred or limited to the extent they seek to impose standards or duties that differ from, exceed, or are inconsistent with applicable statutory, regulatory, or permitting requirements.

14. Plaintiffs' claims are barred in whole or in part because the relief sought by Plaintiffs is not available for the causes of action asserted.

15. Plaintiffs are not entitled to injunctive or other equitable relief because the matters underlying Plaintiffs' claims are the subject of ongoing proceedings brought by the Attorney General of New Jersey and the New Jersey Department of Environmental Protection, and any additional equitable relief would be duplicative, unnecessary, and/or create a risk of conflicting or inconsistent obligations.

16. Plaintiffs' claim for punitive damages is barred in whole or in part because Plaintiffs have failed to set forth a claim upon which punitive damages may be awarded.

4161966_2

17.     Plaintiffs are not entitled to collect an award of punitive damages from Answering Defendant because no act or omission on the part of Answering Defendant was malicious, wanton, or willful.

18.     Plaintiffs are not entitled to collect an award of punitive damages from Answering Defendant to the extent that such an award would violate the due process and equal protection clauses of the United States and New Jersey Constitutions.

19.     Plaintiffs' nuisance claims are barred in whole or in part because any alleged invasion or interference with Plaintiffs' interest in the use and enjoyment of their properties was not unreasonable.

20.     Plaintiffs' nuisance claims are barred in whole or in part because Plaintiffs have not suffered significant harm as defined by Section 821F of the Restatement (Second) of Torts.

21.     Plaintiffs' claim for public nuisance fails as a matter of law because Plaintiffs have not identified any alleged injury that is different from those alleged to have been suffered by the general public.

22.     Plaintiffs' claim for public nuisance fails as a matter of law because Answering Defendant's conduct has not interfered with a right common to the general public.

23.     Plaintiffs' claim for trespass fails as a matter of law due to lack of any tangible invasion and/or the requisite state of mind.

24.     To the extent applicable, Plaintiffs' claims are barred, limited, or reduced, in whole or in part, because one or more Plaintiffs acquired, occupied, leased, and/or used their properties with actual or constructive knowledge of the preexisting operations, activities, and conditions that form the basis of the claims alleged in the Complaint.

30

25.    Plaintiffs' claims are barred in whole or in part due to their failure to mitigate their alleged damages.

26.    The class-wide relief sought by Plaintiffs is not recoverable against Answering Defendant because class treatment of Plaintiffs' claims does not comport with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

27.    Answering Defendant reserves the right to assert any other defense that may become apparent during the course of discovery and proceedings in this case.

                                        Respectfully submitted,

Dated: August 12, 2026                  */s/ Kathleen B. Campbell*
                                        Kathleen B. Campbell, Esq.
                                        Michael Dillon, Esq.
                                        Danielle N. Bagwell, Esq.
                                        MANKO, GOLD, KATCHER & FOX, LLP
                                        Three Bala Plaza East, Suite 700
                                        Bala Cynwyd, PA  19004
                                        (484) 430-5700; Fax: (484) 430-5711
                                        KCampbell@mankogold.com
                                        MDillon@mankogold.com
                                        DBagwell@mankogold.com

                                        *Counsel for Defendant*
                                        *EMR Advanced Recycling, LLC*

31

| | | |
|---|---|---|
| SANDRA WILES, CELESTINE WALLACE, *and* DEANDRA SMITH, *on behalf of themselves and all others similarly situated*, | : : : : : | CIVIL ACTION NO. 1:26-cv-9129 |
| Plaintiffs, | : : : | |
| v. | : : | |
| EMR ADVANCED RECYCLING, LLC, | : : | |
| Defendant. | : : : | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer was electronically filed on the date set forth below, and also served via electronic mail on the following counsel of record:

Kevin S. Riechelson
COHEN & RIECHELSON
3500 Quakerbridge Road, Suite 203
Hamilton, NJ 08619
(609) 394-8585
KRiechelson@crlawoffices.com

Steven D. Liddle
Laura L. Sheets
Matthew Z. Robb
LIDDLE SHEETS P.C.
975 E. Jefferson Ave.
Detroit, MI 48207
(313) 392-0015
sliddle@lsclassaction.com
lsheets@lsclassaction.com
mrobb@lsclassaction.com

Dated: August 12, 2026                    */s/ Kathleen B. Campbell*
                                          Kathleen B. Campbell, Esq.

1